Ernest KLEIN, Plaintiff,

v.

**SPEAR, LEEDS & KELLOGG,** James Crane Kellogg III, Raymond E. Grabowski, Mabon, Nugent & Co., Weingarten & Co., Herman Lass, Lew Sonn, Sidney S. Bobbe, Vanden, Broeck, Lieber & Co., Thomson & McKinnon, Reynolds & Co., and Herman Fins, Defendants.

No. 68 Civ. 5148.

United States District Court,
S. D. New York.

Jan. 20, 1970.

Ernest Klein, pro se.

Reavis & McGrath, New York City, for defendants Spear, Leeds & Kellogg, James Crane Kellogg III and Raymond Grabowski; Denis B. Sullivan, New York City, of counsel.

Sidney S. Bobbe, New York City, for defendants Mabon, Nugent & Co., Weingarten & Co.

Satterlee, Warfield & Stephens, New York City, for defendant Vanden Broeck, Lieber & Co.; George F. Adams, New York City, of counsel.

## OPINION

COOPER, District Judge.

Defendants Spear, Leeds & Kellogg, James C. Kellogg III, Raymond E. Grabowski (Kellogg defendants), Mabon, Nugent & Co., Weingarten & Co. (Nu-gent defendants) and Vanden, Broeck, Lieber & Co. (Vanden), moving separately seek summary judgment dismissing the first and third causes of action of plaintiff's amended complaint. See Rule 56, F.R.Civ.P.

Plaintiff is an habitual litigant who in the past five or six years has commenced well over thirty lawsuits against a very large number of defendants. He does not desist when the loss of an action occurs. Such defeats merely serve as springboards for libel actions against the attorney for the prevailing party, for repetitious suits against the successful side, for criminal complaints, etc. His irresponsible tactics in this regard have been such that one defendant has obtained in the State courts an injunction against further harassment by plaintiff. For a more complete and detailed recital of plaintiff's litigious enterprises see this Court's prior decision herein, Klein v. Spear, Leeds & Kellogg et al. 306 F.Supp. 743 (S.D.N.Y. July 23, 1969).

We are disquieted by yet another facet of plaintiff's approach to these proceedings. An unverified statement brought to our attention is to the effect that an attorney (or attorneys) have been, and still are, actively assisting him with legal advice and, in the main, by drawing up the papers before us now as well as those submitted on the prior motion. They are quite voluminous and by reason of their legal content and phraseology most strongly suggest that they emanate from a legal mind. If this be true, it should not be countenanced. It is one thing to give some free legal advice (incidentally, plaintiff is apparently not indigent); quite another to participate so extensively and not reveal one's identity. If this is the case, we see no good or sufficient reason for depriving the opposition and the Court of the identity of the legal representative(s) involved so that we can proceed properly and with the relative assurance that comes from dealing in the open. Besides, where it is unnecessary we should not be asked to add the extra strain to

our labours in order to make certain that the *pro se* party is fully protected in his rights. Most importantly, this unrevealed support in the background enables an attorney to launch an attack, even against another member of the Bar (as was done by this same plaintiff), without showing his face. This smacks of the gross unfairness that characterizes hit-and-run tactics. If this is the situation here, we vigorously condemn it.

Our initial impression of plaintiff as an irresponsible litigant based on his record and our personal observations of him (including a frenzied diatribe which he advanced before us by way of argument in open Court) has been more than amply confirmed by all that has developed in the course of this litigation. On the motions before us, however, we are strictly confined to considering the bare face of the record and are not triers of fact or of credibility. From what we have already recited, we are nonetheless left with the distinct belief of devoting attention to what in the final analysis will be simply an exercise in procedural formality—at the further expense of time and energy.

Accordingly, as we stated in Klein v. Spear, Leeds & Kellogg et al., *supra,* we are constrained to and do measure plaintiff's papers with the same preciseness which we apply to the claims of the most deserving.

On July 23, 1969 this Court granted in part defendants' motions for summary judgment on the original complaint and detailed the issues in the three causes of action remaining for trial. See Klein v. Spear, Leeds & Kellogg et al., *supra.* In that opinion, we granted plaintiff leave to amend his first cause of action so to allege sufficient specific facts as would make out a claim of fraudulent concealment, failing which that cause of action was to be dismissed as time-barred. Plaintiff's amended complaint was filed August 21, 1969. The instant motions followed.

### First Cause of Action

All moving defendants seek to dismiss plaintiff's first cause of action on the ground that plaintiff's complaint, as amended, fails to set forth such factual allegations as would entitle him, if believed, to the benefits of either the New York accrual rule for actions based on fraud, CPLR § 213(9), or in any event to the federal equitable doctrine of fraudulent concealment, either of which defer the running of the statute of limitations to the time plaintiff discovered the fraud or could with reasonable diligence have discovered it. We are constrained to disagree.

Defendants rest their arguments upon the fact that in the exercise of due diligence the plaintiff could have discovered immediately the fact that his stock was purchased at the day's highest price, for such information is published and readily available. Certainly this is so. However, plaintiff claims that until he allegedly discovered, in the course of a 1968 lawsuit he brought against some of these same defendants, that the prices of certain unrelated stock purchases therein involved had been "manipulated," he had no reason to know or even suspect that the price of the stock purchases herein involved were high because of manipulation or fraud.

Plaintiff need not show affirmative acts of concealment by defendants; only that plaintiff remained in ignorance of the fraud without any fault or want of due diligence or care on his part. See Saylor v. Lindsley, 302 F.Supp. 1174, 1187 n. 28 (S.D.N.Y.1969); C.P.L.R. § 213(9). Plaintiff's allegations, if believed, suffice to gain for him the benefits of either this equitable tolling doctrine or this special accrual rule for at least the one month necessary to make his first cause of action timely.

Defendants next point to the recent decision of our Circuit in Globus v. Law Research Service, Inc., 418 F.2d 1276 (2d Cir. September 8, 1969) which reversed the trial court and held it error to award punitive damages for violations

of the Securities Act of 1933, and ask that we dismiss so much of plaintiff's prayer for relief in his first cause of action as seeks such damages. Plaintiff in opposition seeks leave to amend his present amended complaint so as to state a claim of common law fraud under State law.

We dismiss plaintiff's claim for punitive damages in this first cause of action since under no applicable federal statute would he be entitled to such relief. See Globus v. Law Research Service, Inc., *supra;* Klein v. Kellogg et al., *supra.*

■ With regard to plaintiff's request to amend his complaint to allege "common law fraud," plaintiff in no way indicates what form his proposed amendment would take or what in substance it would contain. From the papers before us and in the absence of any allegations by plaintiff to the contrary, it appears that plaintiff is barred by res adjudicata from asserting a state law claim of fraud based on the facts herein alleged. See Klein v. Spear, Leeds & Kellogg, N.Y.L.J. May 23, 1969, p. 18 (Justice Rinaldi granted summary judgment for defendants in a State action based on these same factual contentions). Fully cognizant of the mandate that leave to amend "shall be freely given when justice so requires," we deny plaintiff, whose seemingly endless of stream of unsuccessful litigation has grossly abused the processes of courts in the past, leave to amend the instant complaint yet another time to assert a claim having only pendent jurisdiction and apparently barred by res adjudicata.

■ Specific mention must be made of plaintiff's apparent attempt in his amended complaint to reallege as part of his first cause of action his claim that the Nugent defendants by liquidating plaintiff's account breached an agreement with him along with all of the consequent damages he allegedly suffered therefrom. In our prior decision herein we held that claim barred by collateral estoppel. See Klein v. Spear,

Leeds & Kellogg et al., *supra.* We adhere to that determination. Plaintiff's damages, if any, are limited to those causally connected to the alleged fraudulent manipulation of the purchase price.

■ The Kellogg defendants seek dismissal of the first cause of action as to them on the ground first that they had no direct dealings with plaintiff, dealing with plaintiff's broker, instead. This argument is without any force.

Second, they argue that to the extent plaintiff's deposit was not returned by his broker this loss is not traceable to them. This issue cannot now be determined, for if plaintiff is able to establish that the purchase price was too high because of manipulations by the Kellogg defendants, then he may also be able to prove that the loss suffered on resale (reflected in his loss on his deposit) was causally connected thereto.

■ Their third argument is that plaintiff's reallegation of his claim of breach of agreement by his broker (which we held barred by collateral estoppel and which was accordingly not contested by any defendant in their amended answers) operates as an admission conclusively establishing an absence of a causal connection between the Kellogg defendants' alleged fraud and plaintiff's alleged damages. While having a certain logical attraction, this contention cannot be sustained. We reiterated above that plaintiff is not entitled to press his claim that the liquidation of his account by his broker breached an agreement he had with them because the precise question had been judicially determined to the contrary. However, having blunted his spear, we cannot also impale him upon it. We believe that to do so would be inconsistent with the permission accorded a plaintiff under the federal rules to plead facts in the alternative. See Rule 8, F.R.Civ.P.

■ Vanden seeks summary judgment in their favor on the first cause of action on the ground that plaintiff's contentions as to them are rebutted by Vanden's own records, which are submitted

as exhibits, along with an affidavit of its cashier. Plaintiff's own affidavit specifically contests several of Vanden's factual allegations and records and, thus, raises genuine issues of material facts making summary disposition inappropriate. See Rule 56, F.R.Civ.P. See also, Schoenbaum v. Firstbrook, 405 F.2d 215 (2d Cir. 1968).

### Third Cause of Action

The Kellogg defendants seek summary judgment dismissing plaintiff's third cause of action on the ground that, as limited by our July 23, 1969 decision herein, plaintiff's remaining claim is solely one for punitive damages and such damages are barred by *Globus.*

Plaintiff in opposition seeks leave to amend this cause of action to show actual damages he suffered as a result of the Kellogg defendants' actions. Additionally, he seeks leave to amend to set forth a claim of common law fraud under State law.

Leave to amend the complaint to show alleged actual damages caused by the Kellogg defendants is denied on the ground that such damages as plaintiff alleges appear to be foreclosed by collateral estoppel.

In a 1966 action in which Reynolds & Co. sued Klein in Civil Court, New York County, and Klein counterclaimed against Reynolds for $5,000, Reynolds obtained a directed verdict of $6100 on its claim against Klein and of dismissal of his counterclaim against Reynolds.[1] See Affidavit of Eliot Lumbard, January 23, 1969, submitted on behalf of Reynolds & Co. herein and filed January 29, 1969, and exhibits B, C, G, and H thereto. Judge Greenfield (who presided at that 1966 Civil Court trial), presented with plaintiff's affidavit alleging "newly-discovered evidence" of fraudulently high prices on the shares purchased by the Kellogg defendants for his account with Reynolds and resold by Reynolds to the same Kellogg defendants at lower prices, denied plaintiff's motion for a new trial holding the evidence, proferred at trial and ruled inadmissible, not to be "newly-discovered." See Reynolds & Co. v. Klein, Civil Court of New York, Index No. 15048/1959 (September 29, 1967).

Plaintiff now seeks to allege against the Kellogg defendants that selfsame counterclaim on which he was unsuccessful. See Affidavit in Opposition to Motions and in Support of Application to Amend Complaint, October 29, 1969, p. 9. We believe the facts which must necessarily have been found by Judge Greenfield in granting judgment for Reynolds collaterally estop plaintiff from now asserting these alleged damages against the Kellogg defendants. In any event, plaintiff in no way indicates what form his amendment would take. We have nothing before us to indicate that its substance would in any way differ from that already asserted and specifically rejected in the State courts.

In the absence of any actual damages alleged and with punitive damages barred by *Globus* as to plaintiff's federal claims asserted in his third cause of action, plaintiff seeks nevertheless to amend such cause of action to allege a State law claim of common law fraud so as to permit an award of punitive damages. Leave to so amend is denied for lack of requisite jurisdiction to maintain such a state law claim in the absence of a viable federal claim.

Diversity jurisdiction is admittedly lacking. The only related federal claims, those asserted in his third cause of action, have been dismissed near the outset. On this basis, we find no ancillary jurisdiction present and deny plaintiff leave to so amend his complaint because any such state law claim would be dismissed for failure to state a claim on which relief can be granted. See O'Neill v. Maytag, 339 F.2d 764 (2d Cir. 1964).

---

1. Plaintiff's settlement with Reynolds in the instant suit provided in part that Reynolds would vacate its $6100 judgment.

*Conclusion*

Accordingly, plaintiff's first cause of action is dismissed in so far as punitive damages are sought. His third cause of action is dismissed in its entirety with prejudice and without leave to amend.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.