Ernest KLEIN, Plaintiff-Appellant,

v.

AUCHINCLOSS, PARKER & REDPATH, Spear, Leeds & Kellogg, James Crane Kellogg III, and Raymond E. Grabowski, Defendants-Appellees.

No. 177, Docket 34989.

United States Court of Appeals, Second Circuit.

Argued Nov. 10, 1970.

Decided Jan. 4, 1971.

Ernest Klein, pro se.

Denis B. Sullivan, Reavis & McGrath, New York City, for defendants-appellees Spear, Leeds & Kellogg, James Crane Kellogg III and Raymond E. Grabowski.

Roger L. Zissu, Davis, Polk & Wardwell, New York City, for defendant-appellee Auchincloss, Parker & Redpath.

Before SMITH and FEINBERG, Circuit Judges, and LEVET,* District Judge.

### J. JOSEPH SMITH, Circuit Judge:

Plaintiff appeals from an order of the United States District Court for the Southern District of New York, Inzer B. Wyatt, *Judge,* granting summary judgment in favor of defendants and dismissing the actions against them on the grounds that the claims under the Securities and Exchange Act of 1934, 15 U.S.C. § 78a et seq. ("the 1934 Act"), were barred by the applicable statutes of limitations. We reverse.

Plaintiff charged in his complaint that on November 25, 1959, he employed defendant Auchincloss, Parker & Redpath ("A.P.R."), stockbrokers, to sell twenty shares of Superior Oil of California, owned by plaintiff, at the then prevailing market price on the New York Stock Exchange. Two days later he received written confirmation from A.P.R. that it had sold the shares at the price of $1280 per share. Plaintiff further alleged that A.P.R. represented to him that the sale was made to a disinterested third party at the prevailing market price, and on the basis of these representations he delivered the shares to A.P.R. In reality, plaintiff charges, these representations were untrue (and made with knowledge of their falsity), in that the shares were transferred to the other defendants, agents of A.P.R., and the then prevailing market price was higher than $1280 per share. That price, it is alleged, was merely the artificially fixed result of price manipulation. Such activities by defendants are

* Senior District Judge for the Southern District of New York, sitting by designation.

said to violate sections 9 and 10(b) of the 1934 Act (15 U.S.C. §§ 78i, 78j).

█ This action was commenced on November 24, 1969, almost ten years after the allegedly fraudulent activities of defendants took place. Judge Wyatt was of the opinion that plaintiff's claims under both sections of the 1934 Act were untimely as a matter of law. Section 9 of the 1934 Act contains within it its own statute of limitations (15 U.S.C. § 78i(e)):

> No action shall be maintained to enforce any liability created under this section, unless brought within one year after the discovery of the facts constituting the violation and within three years after such violation.

The lower court was clearly correct in holding that plaintiff's action under this section was barred, since there can be no question that the action was not commenced within the requisite period under section 9.

More serious difficulties arise in regard to plaintiff's claim under section 10(b). No period of limitation is prescribed in this section, and therefore it becomes necessary to examine the law of New York State and apply the six-year limitation on fraud actions contained in C.P.L.R. § 213(6). Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 787 (2d Cir.1951); cf. Klein v. Bower, 421 F.2d 338, 343 (2d Cir.1970). It is true, of course, that plaintiff failed to bring this action within six years. New York law also provides, however, that:

> * * * where the time within which an action must be commenced is computed [either] from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer. C.P.L.R. § 203(f).

Thus, if plaintiff had neither actual nor constructive notice of the fraud prior to the two years preceding the bringing of this action, his claim under section 10(b) of the 1934 Act remains timely.

█ The court below took judicial notice of the fact the quotations of stock prices are published daily in various newspapers, and concluded that an examination of these quotations on the relevant days would have provided plaintiff with the necessary notice of the fraud, since such an examination would have revealed whether the price he received was lower than the general range of the market at the time. We are not convinced of this. Named as codefendants in this action are specialists in Superior Oil stock. It is at least possible that the specialists' claimed ability in conspiracy with others to manipulate prices of individual transactions might also have included the ability to alter prices for a period greater than the particular transactions on the day of the sale. If this was the case, plaintiff would not have learned of the fraud from the stock quotations appearing in the newspaper.

Both the court below and appellees in this court further emphasize the fact that plaintiff brought an action against defendant Spear, Leeds & Kellogg concerning certain allegedly fraudulent practices in regard to Superior Oil stock in December of 1965. From this fact, it is concluded that reasonable diligence on plaintiff's part would have alerted him to possible fraud in other transactions involving the defendant. Since that case involved an entirely different transaction, and indeed one that took place some four years later, we fail to understand how the bringing of the action in 1965 establishes beyond doubt that plaintiff should have been put on the alert as to the fraud committed against him in 1959.

It may well be that plaintiff's claim contains no merit. That determination, however, is to be made by the finder of fact at trial, and not by the district court on motion for summary judgment.

As this court noted in American Mfrs. Mutual Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., 388 F.2d 272, 279 (2d Cir.1967), "it is a fundamental maxim that on a motion for summary judgment the court cannot try issues of fact; it can only determine whether there are issues to be tried." Here there is an issue as to when the claimed fraud was or should have been known to Klein.

Reversed and remanded for further proceedings in accordance herewith.