Ernest **KLEIN**, Plaintiff,

v.

H. N. **WHITNEY, GOADBY & CO.**, et al., Defendants.

No. 70 Civ. 5778.

United States District Court, S. D. New York.

Nov. 22, 1971.

---

Ernest Klein, pro se.

Denis B. Sullivan, New York City (Reavis & McGrath, New York City, of counsel), for defendants-Spear, Leads & Kellogg, James Crane Kellogg III and Raymond E. Grabowski.

James E. Massey, New York City (Carter, Ledyard & Milburn, New York City, of counsel), for defendants H. N. Whitney, Goadby & Co. and Thomas E. Wood.

## MEMORANDUM

TYLER, District Judge.

In this, yet another of the endless suits of plaintiff Ernest Klein, defendants are testing his complaint by motions for summary judgment and similar relief. As is now common in the more recent of Klein's litigations, defendants' main contention is that these particular claims are time-barred by the applicable statutes of limitation. I conclude that this action is so barred and that, there being no issue of fact with respect to the limitations question, defendants' motions are granted on that ground.

Klein commenced this action on December 31, 1970. His complaint alleges three separate claims of fraudulent transactions involving 80 shares of Superior Oil stock between December 3, 1962 and January 18, 1963. The 80 shares in question were apparently owned by Klein, but were pledged to defendant O'Donnell & Co. as security for a loan. It is Klein's contention that when the shares were sold on his account by O'Donnell & Co., all of the defendants acted in concert to transfer the 80 shares at fictitious prices below their true market value. It is further alleged that the low sale price was arrived at through fraudulent manipulations of the market in violation of various provisions of the Securities Act of 1933 and the Securities and Exchange Act of 1934.

In response to plaintiff's complaint, some of the defendants have moved to dismiss under Rule 12(b) (6), F.R.Civ. P. while others have answered and pleaded affirmative defenses. H. N. Whitney, Goadby & Co. and Thomas E. Wood ("the Goadby defendants") have moved to dismiss on the grounds that the action is time-barred or, in the alternative, for an order dismissing the case on the ground that it is vexatious and identical to a prior action in the Supreme Court of Kings County. The Goadby defendants also seek alternative relief in the form of requiring plaintiff to post a bond for defendants' costs in this case. Spear, Leeds & Kellogg, James Crane Kellogg III, and Raymond E. Grabowski, ("the Kellogg defendants") have moved for similar relief. The remaining defendants have all answered and pleaded the statute of limitations as an affirmative defense but, save for the American Bank & Trust Co. which has moved for a protective order under Rule 30(d), F.R.Civ.P., have no motions before this court.

Klein opposes these motions on a number of grounds. His primary assertion is that he did not discover, and could not with reasonable diligence have discovered defendants' alleged fraudulent actions until March, 1970. Although he

has admitted in earlier suits that in 1966 he became suspicious of defendants' actions regarding 80 shares of his Superior Oil stock during 1962 and 1963, Klein claims that the transactions here complained of involve a different 80 shares sold during the same approximate period. It is also urged that the holding of the Court of Appeals for this circuit in Klein v. Auchincloss, Parker & Redpath, 436 F.2d 339 (1971), controls the facts of this case and requires denial of defendants' motions.

From the record, most particularly of documents and pleadings in this and other actions of the plaintiff, the following facts appear to be beyond dispute. In 1965, Klein commenced an action in this court, (hereinafter "the first action") entitled Ernest Klein v. James D. O'Donnell & Co. et al., 65 Civ. 3684. In that action he complained of an alleged fraudulent trade of 80 shares of Superior Oil stock by O'Donnell & Co. through H. N. Whitney, Goadby & Co. on February 4, 1963. In the first action, defendants were the same defendants as are named in this action, save for Raymond E. Grabowski and American Bank & Trust Co. The first action was dismissed by another judge of this court for lack of prosecution in an order dated March 6, 1968. Thereafter, a motion by plaintiff to set aside that dismissal order was denied by this court in a following order dated December 3, 1968. Several days after this last order, plaintiff in effect reinstituted the first action against the same defendants and added additional defendants and additional claims in a case entitled Ernest Klein v. Thomas E. Kenney, et al., 68 Civ. 4970, which action (hereinafter "the second action") is still pending.

Later in the year 1968, plaintiff commenced still another action in this court against the Kellogg defendants and others entitled Ernest Klein v. Spear, Leeds & Kellogg et al., 306 F.Supp. 743 (hereinafter "the third action") in which he also complained about asserted fraudulent trades of Superior Oil stock made with the Kellogg defendants. This third action was the subject of two decisions of Judge Cooper of this court appearing at 306 F.Supp. 743 (1969) and 309 F. Supp. 341 (1970).

In the third action Klein submitted several verified affidavits in response to motions made by the defendants therein in which he admitted that in 1966, during the pendency of the first action, he became suspicious of all trades in Superior Oil stock that had been made for his account. Specifically, by affidavit verified on February 13, 1969, he stated that in 1966 during the course of another action against the Kellogg defendants, he became suspicious of the "manipulations" of those defendants in Superior Oil stock "generally". As a result, he endeavored to investigate what happened to a trade involving 20 shares of Superior Oil stock on November 30, 1962. In the same affidavit, Klein stated that he also investigated a trade of 100 shares of Superior Oil involving the Kellogg defendants on February 4, 1963. Still further, in an affidavit verified on March 20, 1969, Klein stated *inter alia* that he had become suspicious of the Kellogg defendants in regard to Superior Oil transactions in 1966, most particularly in regard to the aforesaid trades on November 30, 1962 and February 4, 1963. To the same effect, in an affidavit verified on October 29, 1969, Klein once again referred to his suspicions centering upon the Kellogg defendants and trades of Superior Oil by them on November 30, 1962. Finally, according to the allegations in his amended complaint in the third action, particularly in paragraphs 94, 95 and 96 thereof, Klein referred to his suspicions regarding the Kellogg defendants and Superior Oil stock transactions in which they were involved in 1962.

Under New York law, an action for fraud must be commenced within 6 years ". . . from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." CPLR § 213(9). Another provision of the same statute provides that in fraud cases ". . . the action

must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued . . ." CPLR § 203(f). The effect of the interplay between these two provisions of the New York CPLR is to require that an action be brought within 6 years of the commission of the fraud or within 2 years of its discovery, whichever is longer. Hoff Research & Development Laboratory Inc. v. Philippine National Bank, 426 F. 2d 1023 (2d Cir.1970).

In applying the New York statutes to the case at hand, it must first be determined when Klein either discovered or should have discovered fraudulent activity with regard to transactions involving his 80 shares of Superior Oil stock during the months of December, 1962 and January, 1963. Plaintiff's assertions that the 80 shares of Superior Oil involved in this lawsuit are entirely different shares than those involved in some of his prior litigations and that he did not and could not have discovered frauds with respect thereto severely strain the credulity of this court. Extremely doubtful that the 80 shares here involved have not been the subject of earlier lawsuits, I nevertheless assume for the purpose of these motions that this is the fact. But this "fact" does not overcome Klein's sworn admissions and pleadings that as of 1966 he was suspicious of defendants' activities with regard to his Superior Oil stock during the approximate period in question. If these suspicions did not constitute actual discovery, they surely would have prompted a man of reasonable diligence to conduct further investigations. Indeed, Klein admits that he did investigate two trades which he claims occurred on November 30, 1962 and February 4, 1963. Insofar as these dates neatly bracket the transactions here complained of, it is obvious that a man of reasonable diligence would have investigated the intervening transactions, particularly in light of his general suspicions. Nor may it be maintained that any relevant information was lacking or that defendants in any way hindered plaintiff's investigations as information concerning the daily high and low quotations for Superior Oil stock was published in newspapers available to plaintiff. Accordingly, Klein either discovered or should have discovered the frauds in question by 1966 at the latest.

■ This being so, the basic limitation period of six years commenced to run no later than February, 1963 and expired in February, 1969, six years after the last of the "frauds" in respect to Superior Oil occurred. In other words, since it is the law of New York that a fraud action must be commenced within six years after accrual of the claim or within two years after the fraud could have been discovered, provided that the two year period does not cut down the basic six year period, it follows that this action commenced on the last calendar day of 1970 was time-barred.

Although further discussion may be unnecessary, there are additional aspects of this case that warrant discussion. One of these is Klein's argument that because the affidavits for both moving groups of defendants are signed by lawyers and not by their clients or other persons having direct knowledge of the facts, they are insufficient to demonstrate an absence of controverted fact issues. This contention is answered by the obvious observation that the moving affidavits do no more or less than identify the previous pleadings and affidavits of Klein upon which the motions for summary judgment of necessity turn.

■ Furthermore, as other judges of this court have noted, although Klein purports to be proceeding *pro se*, certain statements of his at arguments and the nature of his answering papers strongly suggest that he is enjoying the assistance of a lawyer or lawyers who have not formally appeared in this case. I agree with Judge Cooper that this practice, if it be the case here, is grossly unfair to both this court and the opposing lawyers and should not be countenanced.

Klein v. Spear, Leeds & Kellogg, 309 F. Supp. 341 (S.D.N.Y.1970).

Finally, I specifically note what is already implicit, namely my agreement with moving counsel that the decision of our Court of Appeals in *Auchincloss* is inapposite to the facts of this case. Here, unlike the situation in *Auchincloss*, there are sworn admissions of the plaintiff upon which to base the determination that his present claims against the defendants in this action are time-barred by the New York limitations provisions.

In view of this disposition in favor of the moving defendants, there is no need to pass upon their other applications and contentions. Summary judgment dismissing this action against the Goadby and Kellogg defendants, as heretofore identified, is hereby granted.

The American Bank & Trust Company's motion for a protective order pursuant to Rule 30(d), F.R.Civ.P., is denied as the grounds upon which it was sought have evaporated as a result of this memorandum.

It is so ordered.