**Esther FRIEDLANDER and Abraham Cohen, on behalf of themselves and all other purchasers of Limited Partnership Interests in Drake Associates similarly situated, Plaintiffs,**

v.

**Peter I. FEINBERG et al., Defendants.**

**No. 70 Civ. 2561.**

United States District Court, S. D. New York.

Jan. 22, 1974.

Ira Jay Sands, New York City, for plaintiffs.

Pollack & Singer, Mendes & Mount, D'Amato, Costello & Shea, Kenneth A. Sagat, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants.

ROBERT J. WARD, District Judge.

Defendants Peter I. Feinberg, Peter I. Feinberg Securities Corp., Drake Associates, Harris, Kerr, Forster & Compa-

ny, William Zeckendorf, Zeckendorf Hotels Corporation, and Lawson, Holland & Co. (denominated in the complaint as Agrin, Lawson & Holland) move for summary judgment pursuant to Rule 56, Fed.R.Civ.P., dismissing the complaint on the ground that the action is barred by the statute of limitations. For the reasons hereinafter stated, the motion is denied.

This action is based on alleged violations of § 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)), § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b–5 promulgated thereunder (17 C.F.R. § 240.-10b–5); §§ 352–c and 352–e of the New York General Business Law; and the common law. Plaintiffs, as executors of the estate of the late Raphael Cohen, allege that Mr. Cohen was defrauded in his purchase of a limited partnership interest in Drake Associates because the prospectus contained misleading information and also failed to set forth information required so as to make statements contained therein not misleading. A copy of this prospectus was furnished to Mr. Cohen in or about November, 1959, and he purchased his limited partnership interest on February 4, 1960. His monthly distributions under the terms of the limited partnership agreement were suspended in March, 1963, after Zeckendorf Hotels Corporation, the tenant on a net lease of the sole property owned by Drake Associates, fell into arrears on its rental payments. It also appears to be undisputed that the various Zeckendorf business interests suffered heavy financial losses about that time. Furthermore, Zeckendorf and his various business entities filed petitions in bankruptcy in July, 1964 and May, 1965. This action was commenced by the filing of a complaint on June 17, 1970.

■ The parties agree, at least for the purpose of this motion, as to the applicable statute of limitations. Where, as here, no period of limitations is contained in the pertinent sections of the securities laws, the appropriate state statute of limitations applies. Klein v. Shields & Company, 470 F.2d 1344, 1346 (2d Cir. 1972); Klein v. Bower, 421 F. 2d 338, 343 (2d Cir. 1970). In the instant case, this is the New York statute of limitations for an action based on fraud. Klein v. Shields & Company, *supra*; Klein v. Adams & Peck [1972–1973 Transfer Binder] CCH Fed.Sec.L.Rep. ¶ 93,778 (S.D.N.Y.1973). The New York statute provides that in an action based on fraud "the time within which the action must be commenced shall be computed from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." CPLR § 213, subd. 9. The New York CPLR also provides:

"*Time computed from actual or imputed discovery of facts.* Except as provided in article 2 of the uniform commercial code, where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer." CPLR § 203(f). *See* Klein v. Adams & Peck, *supra*.

Furthermore, as Judge Gurfein pointed out in Klein v. Adams & Peck, *supra*,

"[t]he commencement of the statutory period is when the plaintiff had sufficient knowledge to put him on notice of any alleged fraud. The running of the statutory period 'did not await appellant's leisurely discovery of the full details of the alleged scheme.' Klein v. Bowers [sic], *supra*, 421 F.2d at 343; Sielcken-Schwarz v. American Factors, Ltd., *supra* [265 N.Y. 239 [192 N.E. 307] (1934). On the other hand if there is an issue as to when the claimed fraud was or should have been known to [plaintiff], summary

judgment will not be granted. Klein v. Auchincloss, Parker & Redpath, *supra*, 436 F.2d at 342 [436 F.2d 339 (2d Cir. 1971) ].

"Yet a judicial admission in an affidavit that suspicion arose in the plaintiff's mind at a particular time will start the statute running, *regardless* of his factual assertions that he did not become suspicious until much later, Klein v. H. N. Whitney, Goadby & Co., *supra* [341 F.Supp. 699 (S.D.N.Y.1971), aff'd, Slip Sheet No. 677, September Term 1971, Docket No. 72–1161 (2d Cir. May 4, 1972) ].

"We have also been instructed lately that the statute begins to run 'when the *possibility* of fraud should have been apparent' to the plaintiff and when, by virtue of a prior action, he had the opportunity to take depositions of the defendant's employees which he failed to do. Klein v. Shields & Company, *supra*, Slip Op. at 859 (emphasis supplied)."

[470 F.2d 1344, 1347 (2d Cir. 1972) ].

█ The movants contend that plaintiffs have admitted in answers to interrogatories and at depositions that Raphael Cohen had learned, no later than 1965, of the key aspects of the allegedly fraudulent course of conduct of the defendants in 1959–60.[1] The Court does not agree that these so-called "admissions" are sufficiently clear and unambiguous to support the conclusion at this stage of the litigation that there are no disputed issues of fact, thereby permitting the dismissal of the complaint as a matter of law. The essential issue in dispute is whether the possibility of fraud should have been apparent to Mr. Cohen no later than 1965 on the basis of newspaper reports concerning the collapse of the Zeckendorf financial empire and letters sent to Mr. Cohen and other limited partners by the general partners in Drake Associates. Neither of these sources gave an indication of any fraud; they only gave notice of the financial condition of the several Zeckendorf enterprises as of 1963–1965. Even though this action is premised upon defendants' alleged misstatements in the 1959 prospectus regarding the financial condition of the Zeckendorf companies at that time, it requires an inferential leap which this Court is not prepared to make at this time to hold that as a matter of law knowledge in 1963–65 of the poor financial condition of the Zeckendorf companies during that period is sufficient knowledge to have put Mr. Cohen on notice that the financial condition of the Zeckendorf companies as of 1959–60 was misrepresented in the prospectus. *See,* Klein v. Auchincloss, Parker & Redpath, 436 F.2d 339 (2d Cir. 1971). The Court has considered the cases cited by movants regarding what is sufficient to put a party on notice of the possibility of fraud; none of them appear to be controlling. Under these circumstances, a determination of the time when Raphael Cohen should have discovered that a fraud had been committed must abide additional proof at trial. Accordingly, the motion is denied.

It is so ordered.

---

1. Movants rely primarily on answers to Interrogatories 2(e) and 5(a). Although these answers appear to be somewhat unresponsive, they admit only that Raphael Cohen learned of the poor financial condition of the Zeckendorf entities in 1963–1965. They *do not admit that such knowledge was sufficient* to put him on notice as to the possibility of fraud in the 1959 prospectus and the 1960 sale.