**SOMERSET PHARMACEUTICALS, INC., Plaintiff,**

v.

**James T. KIMBALL, Toni Kimball, Discovery Experimental & Development, Inc., Fountain Research, B & B Freight Forwarding Service, Inc., and Robert Colin Brown, Defendants.**

No. 94–247–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

July 5, 1996.

Stephen Charles Page, Gunster, Yoakley & Stewart, P.A., Stuart, FL, for plaintiff Somerset Pharmaceuticals, Inc.

James T. Kimball, Wesley Chapel, FL, pro se.

Bruce G. Howie, Piper & Ludin, St. Petersburg, FL, Reginald Elliott Dunn, Jr., Discovery Experimental & Development, Inc., Wesley Chapel, FL, for defendants Toni Kimball, B & B Freight Forwarding, Inc.

Bruce G. Howie, Piper & Ludin, St. Petersburg, FL, Nancy Lord, Nancy Lord, M.D., Atlanta, GA, Reginald Elliott Dunn, Jr., Wesley Chapel, FL, for defendant Discovery Experimental & Development, Inc., Mexico N.A.

Phillip L.B. Halpern, United States Attorney, San Diego, CA, for movant U.S.

Bruce G. Howie, Piper & Ludin, St. Petersburg, FL, for movants Josephine Kimball, Discovery Tour Wholesalers, Inc.

### *ORDER ON MOTIONS*

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following Motions: (1) Plaintiff's Motion to Strike all of Defendant Kimball's Pleadings (Dkt. No. 277), and Defendant's response (Dkt. No. 280); and (2) Defendant James T. Kimball's Motion to Strike Plaintiff's Motion to Strike all of Defendant Kimball's Pleadings, (Dkt. No. 280) and Plaintiff's response thereto (Dkt. No. 284).

### FACTS

Plaintiff Somerset Pharmaceuticals, Inc. filed a multi-count Complaint against Defendant James T. Kimball and several other Defendants on June 4, 1993, alleging violations of: (a) Federal Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. Sec. 1961 through 1968; (b) Chapter 895 Fla. Stat., Offenses Concerning Racketeering and Illegal Debts; (c) Fla.Stat. Sec. 772.103(3) and (4), Civil Remedies for Criminal Practices Act; (d) Section 43 of the Lanham Act, 15 U.S.C. sec. 1125(a) and (b); (e) Fla.Stat. Sec. 817.41, Misleading Advertising; (f) unfair and deceptive trade practices in violation of Part II, Chapter 501, Fla.Stat. Sec. 501.201 *et seq.*; (g) intentional interference with advantageous business relations under the common law of the State of Florida; (h) an accounting and restitution for unjust enrichment under the common law of the State of Florida; and (i) claims under the common law of the State of Florida for damages resulting from Defendants' statutory violations.

Shortly thereafter, Defendant retained Attorney Bruce G. Howie to represent him and other Defendants in this action. On May 2, 1994, Attorney Howie filed a Motion to Withdraw as Counsel for Defendant Kimball. However, Attorney Howie continued to represent other defendant parties in this action. On the same day, Defendant filed a Motion to Appear Pro Se in the litigation. On May 11, 1994, this Court granted both Howie's Motion to Withdraw as Counsel for Defendant and Defendant's Motion to Appear Pro se. In May of 1995, Attorney Nancy Lord was also retained by one of the other Defendants, and has been active in the litigation since that time.

On March 28, 1996, Plaintiff filed a Motion to Strike (Dkt. No. 277). On April 8, 1996, Defendant filed a Motion to Strike (Dkt. No. 284). Plaintiff alleges in its Motion to Strike that all of Defendant's pleadings should be stricken because: 1) Defendant is pretending

to proceed pro se in this litigation while at the same time benefiting from unidentified counsel in the preparation and formulation of his legal arguments and the writing of the actual pleadings; and 2) Defendant's subterfuge is grossly unfair to the Court, and prejudices the Plaintiff by taking advantage of the lenient standard afforded to pro se litigants.

Defendant responds: 1) Defendant recognized a possible conflict of interest for Attorney Howie, and as a result Attorney Howie filed a Motion to Withdraw as counsel for Defendant; 2) that due to financial constraints, Defendant requested to proceed pro se, which was granted; 3) Defendant maintains that he had formerly participated in the legal research and formulation of legal arguments with the attorneys in this litigation before proceeding pro se; 4) Defendant maintains that he is the final writer of his pleadings and has utilized Plaintiff's own style of pleading in this litigation as a guide for the production of his pleadings; and 5) that there is no prejudice to the Plaintiff under the more lenient pro se standard afforded to the Defendant.

Defendant alleges in his Motion to Strike that Plaintiff's Motion to Strike all of Defendant's pleadings should be stricken because: 1) the motion is in violation of Fed.R.Civ.P. 12(f) because more than 20 days, as prescribed by the rule, has elapsed since the last pleading of the Defendant was filed; 2) there is no federal rule or federal case law which supports Plaintiff's request for such sweeping relief; and 3) the Plaintiff's motion was filed in bad faith intended to cause undue delay and the harassment of the Defendant.

Plaintiff responds: 1) Defendant's seventeen page response and Motion to Strike fortifies Plaintiff's contention that Defendant is receiving unidentified legal assistance; 2) Defendant has gained an unfair tactical advantage of filing pleadings under the most liberal standards of review; and 3) that the inequities between the parties may only be remedied by the striking of all of Defendant's pleadings or in the alternatives an evidentiary hearing be conducted or discovery be permitted in order to establish the unidentified legal assistant.

## STANDARD OF REVIEW

█ Fed.R.Civ.P. 12(f) provides that upon motion by a party or upon the Court's initiative at any time, the Court may order stricken from any pleading any insufficient, immaterial, impertinent, or scandalous matter. Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters," and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Carlson Corp. / Southeast v. School Board of Seminole County, Florida*, 778 F.Supp. 518, 519 (M.D.Fla. 1991).

## DISCUSSION

Plaintiff seeks to strike all of Defendant's pleadings since Defendant began to proceed pro se in this litigation on May 11, 1994, over two years ago. Plaintiff asserts that Defendant has not been honest with the Court because he professes to be a pro se litigant while actually utilizing a "ghost writer" to formulate legal theories and write pleadings. Plaintiff asserts that this deception prejudices Plaintiff and violates the candor which is owed to the Court. Plaintiff is asking the Court for sweeping relief in this matter which would be of paramount prejudice to Defendant if granted.

To support Plaintiff's contention, Plaintiff has submitted to this Court a copy of a memo allegedly written by Defendant on December 23, 1990, for comparison with a pleading filed by Defendant on June 26, 1995. Plaintiff argues that on this comparison the Court should readily see that the authors could not possibly be one and the same person. Defendant claims that this memo was dictated to and written by a secretary. Defendant furthers claims that he did not read the memo before he signed. No proof has been offered by either party to support their opposing claims.

This Court has read the pleadings filed by Defendant since May 11, 1994, and finds them to be of a consistent level of proficiency. While the Court agrees with Plaintiff

that the phraseology and grammar of the two documents are definitely different, a memo hastily written three years prior to this litigation and a formal pleading filed with the Court are too dissimilar to compare in this situation. It is also quite possible for a pro se litigant to become extremely adept at researching legal theories and producing quality pleadings when the litigation has been lengthy.

Plaintiff cites to *Johnson v. Board of County Commissioners for County of Fremont*, 868 F.Supp. 1226 (D.Co.1994), to support the allegation that "ghost writing" is grounds for the striking of pleadings and a violation of the candor owed to the Court in its administration of justice. While the practice of filing pro se pleadings which are actually prepared by a legal advocate does taint the legal process and create disparity between the parties, more than a mere supposition should be alleged before utilizing the inherent power of the Court to thoroughly prejudice a party by striking all of their pleadings. In *Johnson*, Attorney Greer was ordered to show good cause as to why all pleadings filed by her on behalf of her client should not be stricken and what legal authority Greer could cite to support her entering the litigation on a limited appearance basis. The client in this case also admitted that the documents he filed as a pro se litigant, although signed by him, were actually drafted by a Fremont County attorney.

The *Johnson* case is distinguishable from the instant case because it was pleadings of an attorney on behalf of her client that were the controversy of the order to show good cause, not the pleadings filed by the pro se litigant. In the instant case, it is all of Defendant's own pro se pleadings which are at issue. In *Johnson* the client confirmed the use of another attorney to draft his pro se pleadings while in the instant case Defendant vehemently denies this allegation. Defendant maintains that he has been involved in the research and formulation of legal theories since the inception of this litigation. Defendant also claims that he has used Plaintiff's own pleading style as a road map for his own pleadings. Considering the voluminous amount of pleadings generated in this litiga-

tion, Defendant could conceivably be doing just that.

Additionally, Plaintiff relies on the legal authority of *Klein v. Spear, Leeds & Kellogg*, 309 F.Supp. 341 (S.D.N.Y.1970), for the assertion that participation by an undisclosed attorney is evidenced by the volume, legal content and phraseology of pleadings filed by a pro se litigant. However, "evidenced" may be too strong an interpretation of the Court's statement that these elements "most strongly suggest that they emanate from a legal mind. If this be true, it should not be countenanced. It is one thing to give some free legal advice, and another to participate so extensively and not reveal one's identity." *Id.*

In *Klein,* an unverified statement was brought to the attention of the Court, presumably by a third party, asserting that an attorney (or attorneys) had been, and still was, actively assisting the plaintiff with legal advice and the drafting of pleadings. The plaintiff in this case was an habitual litigant who had commenced over thirty lawsuits against a large number of defendants in a five to six year period. He did not desist at the loss of an action. Instead, he used the defeats as a basis for libel actions against the attorney for the prevailing party, repetitious suits against the successful side and for criminal complaints. Furthermore, the Court stated that its initial impression of the plaintiff based on his record and the Court's personal observations of him developed in the course of the litigation was of an irresponsible litigant. Accordingly, the Court held that the plaintiff's pleadings would be held to the same preciseness which it applied to the claims of the most deserving.

The Klein case is distinguishable on several points. First, an unverified statement was brought to the attention of the Klein court. In the instant case an interested party asserts a mere supposition of "ghost writing" with no concrete support. Second, the plaintiff in *Klein* was a known habitual litigant who employed irresponsible tactics and filed merit less claims. In this case, these types of facts have not been alleged, nor is the Court aware of this type of behavior on Defendant's part.

■ Defendant steadfastly maintains that he does his own research, formulates his own legal theories and produces his own pleadings. Although Defendant admits to receiving some legal help and guidance, the Court in *Klein* stated that some legal assistance is acceptable. What matters is how far the assistance extends. Plaintiff has offered this Court only supposition based on a 1990 informal memo allegedly written by Defendant, allegations that the phraseology, content and length of Defendant's pleadings may well rise to the level of an attorney's proficiency, and therefore, Defendant must utilize a "ghost writer." At this juncture, the Court notes that attorneys do not have a monopoly on verbosity.

Finally, Plaintiff asserts that Defendant's subterfuge is grossly unfair to the Court, and prejudices Plaintiff by taking advantage of the more lenient standard afforded to pro se litigants. This Court finds it curious that Plaintiff has waited two years to bring this alleged lack of candor and the resulting prejudice to the Court's attention. The content and proficiency of Defendant's pleadings have been consistent since he was granted pro se status by this Court in 1994. Plaintiff now contends that he is being prejudiced because the quality of the pleadings are at a level of a legal advocate. Even assuming this contention is true, the Court questions the timeliness of Plaintiff's prayer for relief.

■ Plaintiff also cites to Rule 11 of the Federal Rules of Procedure to support the assertion that Defendant has violated this rule by his refusal to reveal the true identity of the author of his pleadings. Plaintiff is correct in this assertion if Plaintiff has evidentiary support for the allegations. It is a violation of Rule 11 for an attorney or a pro se litigant to knowingly sign any pleading or advocate any position to the court that is untrue or unfounded. The Court suggests that the sweeping scope of relief requested by Plaintiff in this motion would more properly be brought under a motion for sanctions that shall be made separately from other motions or requests.

Applying the standard of review used for motions to strike, the Court disfavors motions to strike and denies these motions un-less the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. In the instant case, Plaintiff's allegations have a relation to the controversy and would cause immense prejudice to Defendant at this late stage in the litigation.

Defendant seeks to strike Plaintiff's Motion to Strike because it is violation of Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) states that "upon motion made by a party before responding to a pleading or, if no responsive pleading ... within 20 days after service of pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

■ Defendant asserts that since his last pleading was filed in December, 1995, the twenty-day period for Plaintiff to file a motion to strike is past. Although this is true, the Court always retains the authority to strike any portion of a pleading at any time. Defendant also asserts that Plaintiff has not given the Court any citation to a federal rule or case which supports the sweeping relief that Plaintiff requests. Plaintiff has relied on the cases of *Johnson* and *Klein* as discussed above as the basis for the relief requested. However, in the previous analysis, this Court found that these cases, as applied to the facts in the instant case, do not support the type of relief that Plaintiff seeks.

Defendant further asserts that Plaintiff's motion was filed in bad faith with the intention to cause undue delay and harassment of Defendant because discovery in this case is coming to a close and certain documents will be revealed to the detriment of Plaintiff's case. Plaintiff maintains that the only way to remedy the inequities between the parties caused by Defendant's use of an unidentified legal source is to strike of Defendant's pleadings, or conduct an evidentiary hearing, or permit discovery on this issue.

■ Defendant's claim of harassment would more properly be brought under a motion for Rule 11 sanctions if he has the evidentiary support for his claim. Plaintiff's

contention that the alleged inequities caused by Defendant's alleged use of "ghost writing" may only be remedied by the three alternatives referred to above is unfounded, after waiting two years to bring this issue to the Court's attention.

Under the standard of review used for motions to strike, the Court disfavors motions to strike and denies these motions unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. In the instant case, Defendant's Motion to Strike has a relation to the controversy and if substantiated could prove prejudicial to Plaintiff.

### CONCLUSION

This Court finds that Plaintiff's Motion to Strike does not have enough factual support to grant the sweeping relief requested. The Court finds that it would be highly prejudicial to Defendant to strike all his pleadings since May 2, 1994, without more concrete evidence that he is utilizing an attorney to formulate his legal theories and write his pleadings. This Court also finds there is no convincing basis to either conduct an evidentiary hearing or to order discovery on this issue.

Because the Court denies Plaintiff's Motion to Strike, there is no attendant prejudice to Defendant, and the Court also denies Defendant's Motion to Strike. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Strike all of Defendant, James T. Kimball's, Pleadings (Dkt. No. 277) be **DENIED** and Defendant's Motion to Strike Plaintiff's Motion to Strike (Dkt. No. 284) be **DENIED.**

**DONE AND ORDERED.**