**Solomon KATZ, Plaintiff,**

v.

**DELKA RESEARCH CORP. OF NEW JERSEY et al., Defendants.**

**No. 63 Civ. 288.**

United States District Court
S. D. New York.

March 29, 1968.

---

Blum, Jolles, Haimoff, Szabad & Gersen, New York City, for plaintiff; Harvey J. Fried and Preston S. Scher, New York City, of counsel.

Rembar & Zolotar, New York City, for Amos Treat & Co., Inc. and Amos Treat; George Zolotar, New York City, of counsel.

Royall, Koegel, Rogers & Wells, New York City, for Donald Nardone; John M. O'Hara, New York City, of counsel.

McAloon, Hirschberg & Malang, New York City, for Earl J. Wofsey; Nathan Hirschberg, New York City, of counsel.

Oliver C. Biddle, New York City, for A. Thomas Ewbank; John M. Demcisak, New York City, of counsel.

Shea, Gallop, Climenko & Gould, New York City, for James Earley; Peter Smith and Francis J. Purcell, New York City, of counsel.

Pincus Bernstein & Seeman, New York City, for Anna Miranda; Irwin Ross, New York City, of counsel.

## MEMORANDUM

MacMAHON, District Judge.

The several defendants in this case move to assess against the plaintiff as taxable costs the reasonable expenses, including attorneys' fees, incurred by them in defending this action. The motion is made pursuant to Section 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e), which provides in pertinent part:

"In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) if the court believes the suit or the defense to have been without merit, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard."

Plaintiff brought an action alleging violations of Sections 5(a), 12(1), 12(2) and 17(a) of the 1933 Act, 15 U.S.C. §§ 77e(a), 77l(1), 77l(2) and 77q(a). Plaintiff's claims fall into two categories. First, he claims that he was sold unregistered stock in violation of the statute. The actual issuer of the stock, the Delka Corporation, had been dropped as a party to the suit by the time the case came to trial; but plaintiff also alleged that the other defendants "conspired to and did employ a device, scheme and artifice, to sell and offer to sell securities to the public through the use of means and instruments of interstate commerce and through the use of the mails, without filing registration statements concerning said securities with the Securities and Exchange Commission, as required by law * * *."

Plaintiff's other theory of liability rests on allegations that defendants made false representations about the condition of Delka Corp. for the purpose of inducing him to purchase Delka stock. Specifically, he alleged that: (1) defendants had represented to him that Delka had developed a new product; (2) Delka had substantial orders on hand for such product and was filling and shipping orders; (3) defendant Treat and Treat, Inc., a broker-dealer of securities, had given Delka a firm commitment for the purchase of an issue of stock to be made by Delka; and (4) the registration with the SEC of the stock to be issued was substantially completed. He further alleged that these representations were all false and that he relied on them in purchasing Delka stock.

The case went to trial before this court and a jury, and at the conclusion of plaintiff's evidence, defendants moved for a directed verdict. The plaintiff's case, presented largely through the testimony of the plaintiff, consisted of nothing but vague assertions and conclusions. We listened carefully for evidence of significant facts but heard none. We heard lengthy oral argument by plaintiff's counsel. We challenged him to show the evidence which support-

ed his claims. He was unable to show any evidence whatever to support his allegation of a conspiracy or other joint action to sell unregistered stock on the part of the several defendants. Moreover, it was plain that the transactions were at arms length and that plaintiff did investigate the company and did give the issuer an investment letter.

Similarly, plaintiff's counsel was unable to point to any evidence that the misrepresentations alleged in the complaint, or any other material misrepresentations or omissions, or misleading statements or omissions, had been made or were untrue despite the fact that we recessed for two hours to enable counsel to review the transcript and marshal whatever evidence he had. Therefore, after extensive argument, the motion for a directed verdict was granted. Plaintiff's proof, viewed in a light most favorable to plaintiff, simply failed to establish a prima facie case.

Defendants then moved to assess costs against the plaintiff. Section 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e), set out above, provides that costs may be assessed against a losing party if the court believes that the suit was "without merit." This has been interpreted to mean that in order for a court to award counsel fees, it must find that the claim borders on frivolity or is brought in bad faith. Can-Am Petroleum Co. v. Beck, 331 F.2d 371 (10 Cir. 1964); 3 Loss, Securities Regulation, Ch. 11C(h), p. 1838. In the present case, although we held the plaintiff's evidence insufficient, we cannot say that the action was entirely frivolous.

There is no dispute that the Delka stock purchased by plaintiff was unregistered. This fact alone, we think, provides a colorable basis for the action and indicates that it was not frivolous or brought in bad faith. Our decision to grant the motion for a directed verdict was based solely on a failure of proof. This failure alone is not enough

to support a finding that the action was frivolous or that it was brought in bad faith.

Accordingly, the motion is denied in all respects. So ordered.