Carmine A. Ventiera, J.
Motion by the plaintiff for an
order dismissing the separate, distinct and complete defenses contained in paragraphs “ 7 ” through “ 9 ” inclusive of the second amended answer upon the ground that a defense is not stated therein. More specifically, the defendants have interposed the Statute of Limitations as a defense to the allegations contained in the second amended complaint.
The facts as alleged, in brief, are as follows:
In an action commenced on March 25, 1958, the plaintiff, judgment creditor, sued the defendant, judgment debtor, Sam Gelfand, among others, for personal injuries, claiming substantial damages. At that time, Sam Gelfand was the fee owner and in possession of certain premises in Queens County, New York. On June 25, 1960, while the lawsuit was still pending, Sam Gelfand deeded the property to his wife and codefendant herein, allegedly without fair consideration, contemporaneously divesting himself of all his other assets, thereby rendering himself insolvent. Plaintiff alleges the defendant wife Leonora Gelfand knowingly participated therein and helped to effectuate the fraud. In April, 1965 plaintiff recovered a substantial judgment and a balance of approximately $126,000 remains unpaid. On January 3, 1967 plaintiff commenced the present action to set aside the transfer. Plaintiff alleges in his complaint that he did not discover or ascertain the facts constituting the alleged fraudulent transfer until about September 29, 1966 upon a title search.
Plaintiff contends that CPLR 213 (subd. 9) and the short Statute of Limitations imposed by CPLR 203 (subd [f]) apply but the savings provisions of CPLR 218 (subd. [b]) are applicable to the 1960 (or pre-CPLR) transfer.
Subdivision (b) of CPLR 218 states: “ Cause of action accrued and not barred at effective date. "Where a cause of *14 action accrued before, and is not barred when this article becomes effective," the time within which an action must be commenced shall be the time which would have been applicable apart from the provisions of this article, or the time which would have been applicable if the provisions of this article had been in effect when the cause of action accrued, whichever is longer.”
Specifically, plaintiff contends that he has six years from the discovery of the alleged fraud in September, 1966 in which to bring his action (Civ. Prac. Act, § 48, subd. 5).
The defendants controvert the plaintiff as to the actual date upon which he discovered the alleged fraud, contending that in a prior complaint, plaintiff alleged that the discovery was made in or about January, 1964 in the course of testimony given by Sam Gfelfand in supplementary proceedings.
Defendants contend that plaintiff has two years from the discovery of the alleged fraud in January, 1964 and/or six years from June, 1960 when the fraud is alleged to have been committed, and since this action was not started until January, 1967, the Statute of Limitations is a good defense. ' Defendants cite CPLR 206 (former subd. [c]) which read as follows: “ In an action based upon fraud, the time within which the action must be commenced shall be computed from the time the plaintiff or the person under whom he claims discovered the fraud, or could with reasonable diligence have discovered it.”
In commenting upon this section, Professor McLaughlin, on page 41 of the 1967 Cumulative Annual Pocket Part of Book 7B of McKinney’s Consolidated Laws of New York made the following statement: “ The discovery provision of CPA § 48(5) has been removed from the statute governing actions at law for fraud, and has been made a separate provision in CPLR 206(c).”
Subdivision (f) of CPLR 203 provides as follows: “ (f) Time computed from actual or imputed discovery of facts. Except as provided in article 2 of the uniform commercial code, where the time within which an action must be commenced is computed from the time when facts were discovered or from the time when facts could with reasonable diligence have been discovered, or from either of such times, the action must be commenced within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time- the cause of action accrued, whichever is longer.”
Professor McLaughlin, in commenting upon CPLR 203 (subd. [f]) said at page 83 of McKinney’s Consolidated Laws of New York: “ Subdivision (f) is an innovation in the New York jurisprudence of statute of limitations. It will apply most commonly *15 in fraud cases (CPLE § 206[c]), and is designed to shorten the time in which to bring an action which has already been prolonged by failure to discover the fraud. The effect of the statute in a fraud case is to make the statute of limitations six years from commission (CPLE § 213[6]) or two years from discovery, whichever is longer.” (Emphasis added.)
On page 29 of the 1967 Cumulative Annual Pocket Part of McKinney’s Book 7B, Professor McLaughlin, who, incidentally, actually made the study which resulted in CPLR 203(subd. [f]), made the following comment:
‘ ‘ The philosophy behind this statute is simple: a plaintiff whose statute of limitations has been tolled until he discovers the cause of action, and who discovers the cause of action long after it has accrued, should not have the same length of time in which to sue as a plaintiff who discovers his cause of action promptly. Thus, the statute provides that, when a statute of limitations is tolled pending discovery, the plaintiff shall have his basic statute of limitations computed from the time the cause of action accrued or two years from discovery, whichever is longer. A few examples will make the statute clear.
“ In a fraud case, if the defendant commits the fraud in 1960, and the plaintiff discovers the fraud in 1961, the statute of limitations would expire in 1966 (six years from commission). If the plaintiff discovered the wrong in 1962, 1963, or 1964 the result would be the same. If, however, the wrong is discovered in 1965, then the statute of limitations would expire in 1967 (two years from discovery). Any discovery after 1965 would trigger the two-year provision. It can be seen therefore, that, the statute of limitations in a fraud action is two years from discovery but, in no event, is it less than six years from commission.” (To the same effect see 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.35.)
From an analysis of the afore-stated sections and commentaries, the court is inclined to conclude that the Statute of Limitations would be tolled only if plaintiff can trigger the two-year provision from the date he alleged he discovered the fraud in September, 1966. However, the date of discovery of the alleged fraud is a disputed issue and questions of fact are raised by the motion papers. Under such circumstances, summary judgment may not be granted. As stated by the court in Mahfouz v. Mahfouz (24 A D 2d 988): “ Defendant has interposed the Statute of Limitations as a defense to the allegations contained in the amended complaint. Plaintiff has been afforded sufficient notice of the precise nature of this defense. In view of *16 the 'questions raised concerning the accrual date of the alleged cause of actions and the possible tolling of the Statute of Limitations, the better practice is to allow the defense to stand until trial. At that time a determination may be made upon a full exposition of the facts.”
Accordingly, plaintiff’s motion is denied.