Carmine A. Ventiera,
Spec. Ref. This matter has been referred to me as Special Referee to hear and determine, based upon the stipulation of the parties.
Motion for an order for leave to reargue is granted, and upon such reargument the order of June 19, 1968 is vacated and the decision heretofore rendered June 4, 1968 [57 Mise 2d 12] is recalled predicated upon the additional facts presented herein, and the following substituted in its stead:
In this action by the plaintiff, a judgment creditor, to set aside the alleged fraudulent conveyance of a parcel of real estate, the plaintiff moves “ for an order dismissing the separate, distinct and complete defenses ” contained in paragraphs “ 7 ” through “ 9 ” inclusive of the second amended answer.
The court believes that under the circumstances presented herein a short resume of the facts should be set forth for clarification.
The plaintiff commenced a personal injury action against the defendant Sam Gelfand in 1958. In June, 1960, Gelfand, who was the fee owner and in possession of certain premises, deeded the property to his wife, the codefendant herein, allegedly without consideration, and divested himself of his other assets. In April, 1965, the plaintiff recovered a judgment against Gelfand, on which a substantial balance still remains unpaid. On January 3, 1967, the plaintiff commenced the present action to set aside the afore-mentioned conveyance.
On plaintiff’s prior motion to dismiss the defense of Statute of Limitations, the plaintiff based his argument on facts indicating an alleged actual fraud, contending that pursuant to subdivision 5 of section 48 of the Civil Practice Act, which was in effect on the date of the transfer of the property, plaintiff had six years from the discovery in which to commence his action. From the facts and arguments presented, the court determined that in accordance with CPLR 203 (subd. [f]) which is applied most commonly in actual fraud cases, and which is designed to shorten the time in which to bring an action, the Statute of Limitations applicable would be six years from the commission or two years from the discovery, whichever is *499 longer. However, in view of the fact that the date of discovery was in dispute, the court found that a question of fact existed and accordingly, the motion was denied.
On reargument, the plaintiff alleges that the gravamen of the cause of action herein is grounded in equity to set aside a transfer of property for constructive fraud and to follow the assets of the debtor pursuant to article 10 of the Debtor and Creditor Law. Plaintiff further contends that this is not an action for damages based upon actual fraud to which the six-year limitation applies, but is grounded on constructive fraud to which the 10-year Statute of Limitations is applicable.
An analysis of the second amended complaint reveals that it states a cause of action in equity grounded upon constructive fraud to set aside a transfer, which, regardless of the intent of the debtor, is forbidden by statute to the extent that there are claims by creditors (Debtor and Creditor Law, art. 10, entitled “ Fraudulent Conveyances ”). As such, this action • falls within the 10-year Statute of Limitations (Civ. Prac. Act, § 53) which commenced to run from the date when the act constituting the alleged fraud occurred (Buttles v. Smith, 281 N. Y. 226,. 236; Hearn 45th St. Corp. v. Jano, 283 N. Y. 139; cf. Erbe v. Lincoln Rochester Trust Co., 2 A D 2d 242, 244). Referring to the 10-year Statute of Limitations and its applicability to equity actions under article 10 of the Debtor and Creditor Law the court in Hearn 45th St. Corp. v. Jano (supra, p. 144) stated:
“ The ten-year Statute of Limitations reads as follows:
‘ § 53. Limitation where none specifically prescribed. An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues.’ (Civ. Prac. Act, § 53.) Since, as has been shown, the action is not one to recover damages for fraud (Civ. Prac. Act, § 48, subd. 5), nor an action at law (Civ. Prac. Act, § 48, subd. 1), but one in equity for a rescission, the ten-year Statute of Limitations applies. ’ ’
This limitation cannot be shortened by the provisions of the CPLR, which provides in CPLR 218 (subd. [b]) that when a cause of action is not barred upon the effective date of the CPLR (Sept., 1963), then the Statute of Limitations applicable thereto is governed by the time limit theretofore existing. In the instant ease it would be 10 years from the date of the alleged fraudulent transfer in June, 1960. Therefore, the defense of Statute of Limitations is inapplicable. Accordingly, plaintiff’s motion is granted.