Ernest **KLEIN**, Plaintiff-Appellant,

v.

**SHIELDS & COMPANY** and Warner G. Cosgrove, Jr., Defendants-Appellees.

No. 21, Docket 72–1245.

United States Court of Appeals, Second Circuit.

Argued Sept. 27, 1972.

Decided Dec. 8, 1972.

Ernest Klein, New York City, plaintiff-appellant, pro se.

Charles E. D. Jurrist, New York City (Leonard Joseph and Dewey, Ballantine, Bushby, Palmer & Wood, New York City, on the brief), for defendants-appellees.

Before HAYS, OAKES and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Ernest Klein appeals from orders entered in the Southern District of New York, Harold R. Tyler, *District Judge,* which (1) granted appellees' motion to dismiss with prejudice Klein's pro se [1] complaint which alleged violations of the federal securities laws and breach of contract; and (2) awarded $600 attorney's fees to defendants. For the reasons stated below, we affirm the dismissal of the complaint on the ground that appellant's claims are barred by the applicable statute of limitations; and we remand the action to the district court with directions to make appropriate findings of fact and conclusions of law with respect to the award of attorney's fees.

## I.

The transaction leading to the present litigation took place in 1959. In August of that year, appellant opened an account with appellee Shields & Co. (Shields), a New York brokerage firm and a member of the New York Stock Exchange. He thereafter directed Shields to purchase a large amount of designated securities, and to deliver them against payment to a specified bank branch. Shields sent, and appellant received, written confirmation of the purchases.

Upon appellant's failure to pay for the securities, Shields in 1960 brought suit against appellant in the New York County Supreme Court on a claim of breach of contract, alleging a $7,839.38 loss on the resale of the purchased securities. Appellant counterclaimed for $16,000, al-

---

1. Appellant should not be confused with the typical pro se plaintiff. He is no stranger to the courts of this Circuit. His litigious history has evoked pointed comment. See, e. g., Klein v. Spear, Leeds & Kellogg, 306 F.Supp. 743, 745–46 (S.D.N.Y.1969); Klein v. H. N. Whitney, Goadby & Co., 341 F.Supp. 699, 702 (S.D.N.Y.1971).

leging that Shields had breached the contract by refusing to deliver the securities appellant had purchased. Shields' demand for a bill of particulars was ignored. In view of the small amount of its claim against appellant, Shields ceased active prosecution of the action in 1961.

The action remained in this dormant condition until March 1971, when appellant noticed and took the deposition of Shields (through appellee Cosgrove). Shortly thereafter, at appellant's request, a meeting was held between Shields' attorney and appellant. At that meeting, appellant offered a "settlement"; in effect, his proposal was that, in exchange for Shields' agreement to satisfy appellant's counterclaim and to withdraw Shields' complaint, appellant would forego the commencement of a new action in the federal court. Shields understandably rejected appellant's "offer". The instant action followed.

Appellant's complaint, filed in the district court on July 12, 1971, basically restated his 1960 state court counterclaim, with the addition of allegations of fraud in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (1970), and Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q (1970). Jurisdiction was asserted under Section 27 of the 1934 Act, 15 U.S.C. § 78aa (1970), with the state claims said to be within the district court's pendent jurisdiction.

The district court dismissed the complaint with prejudice. It held that the complaint was fatally deficient in (1) its insufficient allegations of fraud; (2) its failure to state a claim upon which relief could be granted under either the Securities Act of 1933 or the Securities Exchange Act of 1934, and the consequent absence of any basis for pendent jurisdiction with respect to the state claims; and (3) its claims being barred by the running of "every conceivably applicable statute of limitations". The court subsequently awarded to appellees partial attorney's fees in the amount of $600.

## II.

It is clear that, if it were not for the injection of the allegations of fraud in the instant complaint, the action would be barred by the New York statute of limitations relating to actions on contracts. N.Y.Civ.Prac.Law § 213(2) (McKinney 1972) (6 years from date on which cause of action arose). The presence of the fraud claim, however, detours that result only momentarily.

The provisions of the federal securities laws upon which appellant's federal claims are predicated have no specific limitations provisions. We therefore look to the applicable state statute. Klein v. Bower, 421 F.2d 338, 343 (2 Cir. 1970). Under New York law, an action based upon fraud must be brought within six years of the time the plaintiff "discovered the fraud, *or could with reasonable diligence have discovered it*", whichever is earlier. N.Y.Civ.Prac. Law § 213(9) (McKinney 1972). (emphasis added). That section must be read with N.Y.Civ.Prac.Law § 203(f), which provides that, where a limitation period is to run from the time the fraud was or should have been discovered, suit must be brought within two years of the actual or imputed discovery. Consequently, appellant's suit is time barred unless he did not discover, or with reasonable diligence could not have discovered, the alleged fraud prior to March 1969 (two years before commencement of the instant action).[2] Hoff Research & Dev. Lab., Inc. v. Philippine National

---

**2.** The more favorable ten year period relating to general equity actions for causes of action occurring prior to 1963, N.Y. Civ.Prac.Act § 53, made applicable by N.Y.Civ.Prac.Law § 218(b) (McKinney 1972), would govern here only if the claim alleged constructive fraud. On a claim of actual fraud, the provisions of N.Y.Civ.Prac.Law §§ 213(9) and 203 (f) apply. McCabe v. Gelfard, 58 Misc.2d 497, 295 N.Y.S.2d 583 (Sup.Ct.Kings Co. 1968), vacating 57 Misc.2d 12, 291 N.Y. S.2d 261 (Sup.Ct.Kings Co.1968).

Bank, 426 F.2d 1023, 1025–26 (2 Cir. 1970); Klein v. Auchincloss, Parker & Redpath, 436 F.2d 339, 341 (2 Cir. 1971).

■ We are satisfied that appellant with reasonable diligence could have discovered the alleged fraud as early as 1960. The transaction underlying the instant claim is in all respects the same as that upon which appellant's 1960 state court counterclaim was based. Cf. Klein v. Auchincloss, Parker & Redpath, *supra.* At that point in time, at least the possibility of fraud should have been apparent to appellant; and the opportunity to inquire further, by taking Shields' deposition through its employees, of course was available. That this would have provided whatever further insight was necessary is manifested by appellant's contention that his knowledge of fraudulent conduct did not arise until March 1971 when the deposition of appellee Cosgrove was taken.

■ We hold that constructive knowledge as of 1960 may be imputed to appellant. As in Klein v. Bower, *supra,* 421 F.2d at 343, "the statutory period began to run then and did not await appellant's leisurely discovery of the full details of the alleged scheme."[3] We further hold that the district court did not abuse its discretion in refusing to exercise pendent jurisdiction over the similarly time-barred state law claims. UMW v. Gibbs, 383 U.S. 715, 725–27 (1966); Ryan v. J. Walter Thompson Co., 453 F.2d 444, 446 (2 Cir. 1971), cert. denied, 406 U.S. 907 (1972).

Since the statute of limitations is a complete bar to the action, it is not necessary for us to consider the correctness of the district court's conclusion that appellant failed to state a federal claim upon which relief could be granted.

### III.

The remaining question is the propriety of the district court's award to appellees of $600 in attorney's fees.

Following the court's dismissal of the complaint, appellees filed a motion for attorney's fees in amount of $4,000. On February 1, 1972, the court entered an order awarding $600 attorney's fees as part of the costs of the action.

■■ Section 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e) (1970), provides in pertinent part:

"In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) *if the court believes the suit or the defense to have been without merit,* in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard." (emphasis added).

This provision consistently has been held to require a specific finding by the district court that the action was "without merit", often stated in terms of "bordering on frivolity" and not merely unconvincing. Can-Am Petroleum Co. v. Beck, 331 F.2d 371, 374 (10 Cir. 1964); Katz v. Delka Research Corp., 295 F.Supp. 647, 649 (S.D.N.Y.1968), modified on other grounds sub nom. Katz v. Amos Treat & Co., 411 F.2d 1046, 1056 (2 Cir. 1969). In Oil & Gas Income, Inc. v. Trotter, 395 F.2d 753 (5 Cir. 1968), urged by appellees as precedent for the granting of attorney's fees under § 11 (e), the award was allowed only following a remand for the specific purpose of findings of fact and conclusions of law by the district court with respect to the "frivolity" of the complaint. Here,

---

3. We note also that a like result could be reached on the ground that allegations of fraud must be stated with particularity. Fed.R.Civ.P. 9(b). Shemtob v.

Shearson, Hammill and Co., 448 F.2d 442, 444–45 (2 Cir. 1971). Appellant's mere conclusory allegations of fraud cannot support a federal cause of action.

we have not had the benefit of such findings and conclusions. Consequently, on the present record we are unable to determine whether the award of attorney's fees was clearly erroneous.

The dismissal of the complaint is affirmed. The action is remanded to the district court with directions to make appropriate findings of fact and conclusions of law with respect to the award of attorney's fees.

Affirmed in part; remanded in part.