John P. DRISCOLL, Plaintiff,

v.

OPPENHEIMER & CO., INC., a corporation, and Ronald L. Brownlow, Defendants.

No. 78 C 4970.

United States District Court, N. D. Illinois, E. D.

Oct. 28, 1980.

Francis J. Valentine & Associates, Ltd., Chicago, Ill., for plaintiff.

James E. Beckley, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the court on the petition of defendant Oppenheimer & Co., Inc. for attorneys' fees.

On December 12, 1978 the plaintiff herein, John P. Driscoll, filed his first complaint in the matter at bar, naming Oppenheimer & Co., Inc. [Oppenheimer] as a defendant. In this complaint, Driscoll alleged that defendant Oppenheimer, in its handling of his account, committed a number of federal securities law violations. His pleading, though, was rambling, repetitive and lacking in factual support.

On August 14, 1979, in response to Oppenheimer's motion for judgment on the pleadings, Driscoll filed an amended complaint. This amended complaint, while more concise than his earlier one, suffered from the same defects as those in Driscoll's prior pleading. The contentions in his amended complaint were supported almost solely by very general theoretical allegations, which were seriously lacking in factual substantiation. Shortly after the plaintiff filed his amended complaint, defendant Oppenheimer moved both to strike and dismiss the pleading, and for Rule 11, Fed.R. Civ.P., relief. On January 28, 1980 the defendant's motion to strike and dismiss was granted. Oppenheimer then presented the attorneys' fees petition under discussion.

■ Generally speaking, the subject of attorneys' fees is governed by the American rule, which provides that each party in a lawsuit is responsible for his or her own costs and expenses. Congress, however, has by statute created exceptions to this American rule. Accordingly, in situations where the matter at bar involves a statute which specifically authorizes fee awards, a court may assess and award attorneys' fees to the prevailing party. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 260–64, 95 S.Ct. 1612, 1623–25, 44 L.Ed.2d 141 (1975). As it pertains to the present matter, section 11(e) of the Securities Act of 1933, 15 U.S.C. § 77k(e), is just such a statute.

■ An exception to the American rule also has been recognized where it is shown that the non–prevailing party acted with malice and/or in bad faith. *Alyeska Pipeline Service Co.*, 421 U.S. at 258–59, 95 S.Ct. at 1622. In this type of situation, a court may, in its discretion, award reasonable attorneys' fees when it believes such to be necessary and in the interests of justice. Federal courts, in addition, may exercise their inherent power under Rule 11, Fed.R. Civ.P., and grant attorneys' fees as a sanction for noncompliance with the various provisions of that rule.

■ The question pivotal to any taxing of attorneys' fees, however, whether done under section 11(e) of the 1933 Securities Act, on a bad faith theory, or pursuant to Rule 11, is whether the plaintiff instituted the litigation at issue "in bad faith, vexatiously, wantonly or for oppressive reasons." *Alyeska Pipeline Service Co.*, 421 U.S. at 258–59, 95 S.Ct. at 1622; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n.30, 96 S.Ct. 1375, 1389 n.30, 47 L.Ed.2d 668 (1976); *Browning Debenture Holders' Committee v. DASA Corp.*, 560 F.2d 1078, 1087–88 (2d Cir. 1977). Whether there was bad faith or malice on the part of the plaintiff, moreover, generally is ascertained by examining the individual's claim to determine if it was totally without merit and/or bordered on being frivolous. *Klein v. Shields & Co.*, 470 F.2d 1344, 1347 (2d Cir. 1972); *Can–Am Petroleum Co. v. Beck*, 331 F.2d 371, 374 (10th Cir. 1964); *Nemeroff v. Abelson*, 469 F.Supp. 630, 640 (S.D.N.Y.1979), *modified*, 620 F.2d 339 (2d Cir. 1980).

**176**

In the case at bar, it is clear that the plaintiff's counsel, Francis J. Valentine, did not fashion Driscoll's pleadings with an eye toward compliance with the specificity requirements of the Federal Rules of Civil Procedure. Rule 8(e), Fed.R.Civ.P. The failure of his counsel to adequately set forth facts which would indicate that the claimant is entitled to relief, however, ordinarily is not sufficient to establish that the plaintiff himself acted in bad faith. As the Second Circuit has noted in this regard, "[m]ere failure of a party to present sufficient evidence to support [his] claim will not in itself warrant a determination of frivolity." *Aid Auto Stores, Inc. v. Cannon*, 525 F.2d 468, 471 (2d Cir. 1975).

Plaintiff Driscoll's contentions herein that Oppenheimer misused his account funds in the manner alleged provide a colorable basis for his claims. *See Nemeroff*, 620 F.2d at 348. That being true, as he was justified in relying upon the competency of his counsel to adequately present those claims, the fact that this litigation ultimately proved to be misguided and unconvincing cannot in itself serve as a basis for assessing attorneys' fees against the plaintiff. *Aid Auto Stores, Inc.*, 525 F.2d at 471; *Nemeroff*, 469 F.Supp. at 641.

Regarding the conduct of Francis J. Valentine, while the question is a closer one the court believes that the materials now before it are sufficient to allow for a conclusion that, at all times relevant in this litigation, Mr. Valentine proceeded with a good faith belief that his client's claims against Oppenheimer were legally viable. That being so, when cognizance also is taken of the difficulty known to be associated with the pleading of securities matters, it is the opinion of this court that attorneys' fees should not, under the present circumstances, be assessed against Mr. Valentine. *Nemeroff*, 620 F.2d at 349–50.

For the reasons stated above, defendant Oppenheimer & Co., Inc.'s petition for attorneys' fees is DENIED.

IT IS SO ORDERED.