Michael P. Malakoff, Richard A. Finberg, Pittsburgh, Pa., Jules Brody, New York City, for plaintiff.

Stephen Jurman, Paul A. Manion, Pittsburgh, Pa., John Matson, New York City, Dale Hershey, Pittsburgh, Pa., for defendants.

**Milton FRIEDMAN, Plaintiff,**

v.

**Floyd R. GANASSI, G. Gray Garland, Jr., Stanley B. Scheinman, James W. Cooper, Laidlaw, Adams & Peck Inc., and The Ohio Company, the latter two defendants being sued individually and representatively on behalf of a class of defendants similarly situated, and Arthur Young & Co. partnership.**

**Civ. A. No. 83–1946.**

United States District Court, W.D. Pennsylvania.

Dec. 9, 1987.

## MEMORANDUM OPINION

MENCER, District Judge.

Milton Friedman, the plaintiff, brought a class action under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. Friedman was unsuccessful at trial, and Arthur Young & Company, Laidlaw Adams & Peck, and The Ohio Company submitted bills of cost. This court is presently considering whether to award costs to these defendants.

### 1. *Legal Analysis*

The threshold issue in this case is whether to apply the standard for awarding costs found in Rule 54(d) of the Federal Rules of Civil Procedure (Rule 54) or the standard in Section 11 of the Securities Act of 1933 (Section 11). The standards are significantly different, and the awarding of costs in this case depends entirely upon which standard we apply.

Under Rule 54, costs are awarded almost automatically. The rule states that "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." F.R.Civ.P. 54(d). Under this standard, the defendants are entitled to some costs, even though they might not be entitled to the full amount they claimed.

Under Section 11, costs are awarded only when the action is frivolous. Section 11 states "In any suit under this or any other section of this subchapter the court may, in its discretion, require ... the payment of

the costs of such suit, including reasonable attorney's fees [by the losing party] if the court believes the suit or the defense to have been without merit. . . ." 15 U.S.C.A. § 77k(e). After observing a lengthy trial, we find that, although Friedman's suit was not strong, it was not entirely without merit. Under this standard, therefore, the defendants are not entitled to costs.

Thus, the selection of cost provisions is outcome determinative. The defendants argue that their motion is under Rule 54, so that standard should apply. They argue that the provisions are not mutually exclusive, so they may make their motion under either cost provision.

Friedman argues that Section 11 is the only provision that applies to this case. Friedman brought the entire suit under the provisions of Section 11, so that Section 11's cost provision must apply. Rule 54 does not apply, Friedman argues, because by its own language, Rule 54 applies only in the absence of a cost provision in an applicable United States Statute.

One would expect that this narrow issue of whether the court may apply the cost provisions in Rule 54 to a case brought under 15 U.S.C.A. § 77k would have been addressed in a reported case, but apparently it has not. The cases reach results which imply the adoption of one position or another with respect to this issue, but they do not overtly recognize the issue and resolve it. Nonetheless, we will examine some of these cases to glean any insight as to the preferable approach.

Case Law

If the trial judge concludes that a Section 11 suit was brought without merit or was frivolous, then he generally awards costs and/or attorney's fees under Section 11. *See, e.g., Gmelin v. Permeator Corp.,* 1984–85 Fed.Sec.L.Rep. (CCH) ¶ 91,946 (D.N.J.1985); *Rubin v. Long Island Lighting Co.,* 576 F.Supp. 608 (E.D.N.Y.1984). Cases in which the trial judge concludes that the suit had some merit, however, are split as to whether the judge awards costs.

The primary case cited by the defendants to support the proposition that Rule 54 applies in Section 11 cases is *Nemeroff v.*

*Abelson,* 620 F.2d 339 (2d Cir.1980). *Nemeroff* does not apply to the instant litigation, however, because *Nemeroff* involved Rule 11 of the Federal Rule of Civil Procedure, not Section 11 of the Securities Act of 1933.

At least one judge did apply Rule 54 to award costs even though the movant did not meet the standards in Section 11. In *Electro–Neucleonics, Inc. v. Oppenheimer,* 1975–76 Fed.Sec.L.Rep. (CCH) ¶ 95,269 (S.D.N.Y.1975), the New York court considered a suit involving causes of action under both Section 11 and Section 10(b) of the 1934 Exchange Act. The defendants won, and petitioned the court for costs and attorney's fees. The court concluded that Section 11 required a finding that the suit was without merit, a finding which the court was unwilling to make. The court proceeded to award costs under Rule 54. The wording of the New York court suggests that it considered Section 11 and Rule 54 as alternatives, despite Friedman's argument that the presence of the count under Section 10(b) vitiates this conclusion.

The cases cited by the plaintiff to support the proposition that Rule 54 does not apply in Section 11 cases are no more conclusive than the cases cited by the defendants. These cases generally deny attorney's fees or costs under Section 11 and do not discuss Rule 54 at all. Thus, the plaintiff must argue that the cases speak by their silence, that if Rule 54 possibly applied, these courts would surely have addressed it. Although the absence of Rule 54 in the Section 11 cases is conspicuous, we generally hesitate to reason that a legal theory is invalid merely because it does not appear in a particular case.

*Katz v. Amos Treat & Co.,* 411 F.2d 1046 (2d Cir.1969) is an example of the phenomenon cited by the plaintiff. In *Katz,* the district judge denied the defendant's motion for expenses because, although he had a "dim view" of the plaintiff's case, he was unwilling to conclude that it bordered on frivolity. The circuit court affirmed the district court. Under Rule 54, costs are awarded as a matter of course. If Rule 54 applied to the Section 11 action in *Katz,*

plaintiff argues, the court would have awarded costs. The fact that Rule 54 is absent from the opinion implies, at the minimum, that Rule 54 does not apply to the Section 11 action in *Katz.*

*Homburger v. Venture Minerals, Inc.,* 1985–86 Fed.Sec.L.Rep. (CCH) ¶ 92,205 (S.D.N.Y.1985) [Available on WESTLAW, 1985 WL 549], contains a similar denial of expenses under Section 11 and an absence of consideration of Rule 54. The judge felt that he could not conclude that the suit was wholly frivolous, so he denied the motion under the standards of Section 11. The plaintiff argues that the judge would have awarded costs in *Homburger* if Rule 54 applied to Section 11 cases. *See also Klein v. Shields & Co.,* 470 F.2d 1344 (2d Cir. 1972) (reversing and remanding an award of attorney's fees under Section 11 because the judge failed to make a specific finding that the suit was without merit or was frivolous as required by Section 11).

### 2. *Conclusion*

The narrow issue before this court, as we previously stated, is whether the court may apply the cost provisions in Rule 54 to a case brought under 15 U.S.C.A. § 77k. We consider this issue in the absence of any conclusive case law, relying primarily on the wording of Rule 54 and the existence of Section 11(e). Rule 54 expressly limits itself to those cases in which no federal statute applies. The cost provisions of Section 11 plainly apply to the instant case, so we will not apply the provisions of Rule 54. Any other result would render most of Section 11(e) totally ineffective. Section 11(e) applies to the "costs of such suit, including reasonable attorney's fees." Under an interpretation that Rule 54 and Section 11 are alternatives, Section 11 would always yield to the more lenient standards of Rule 54 with respect to costs. Thus, the main portion of Section 11(e) would be entirely superfluous. Consequently, we now hold that the court should not apply Rule 54(d) of the Federal Rules of Civil Procedure to award costs when the movant does not meet the standards of Section 11(e) of the Securities Act of 1933.

### ORDER

AND NOW, this 9th day of December, 1987, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that:

(1) The bill of costs submitted by Arthur Young & Company is DENIED; and

(2) The bill of costs submitted by Laidlaw Adams & Peck and The Ohio Company is DENIED.