Milton **FRIEDMAN**

v.

**Floyd R. GANASSI, G. Gray Garland, Jr., Stanley B. Scheinman, James W. Cooper, Laidlaw Adams & Peck, Inc., and the Ohio Company, the latter two defendants being sued individually and representatively on behalf of a class of defendants similarly situated, and Arthur Young & Co., partnership.**

**Appeal of LAIDLAW ADAMS & PECK, INC. and The Ohio Company.**

**Appeal of ARTHUR YOUNG & COMPANY.**

Nos. 88–3014, 88–3015.

United States Court of Appeals, Third Circuit.

Argued June 7, 1988.

Decided Aug. 1, 1988.

Rehearing and Rehearing In Banc Denied Aug. 26, 1988.

John Matson (argued), New York City, Paul A. Manion, Manion McDonough & Lucas, Pittsburgh, Pa., for Arthur Young & Co.

Dale Hershey, Larry K. Elliott, Eckert Seamans Cherin & Mellott, Pittsburgh, Pa., for Laidlaw Adams & Peck, Inc.

Richard A. Finberg (argued), Berger Kapetan Malakoff & Meyers, P.C., Pittsburgh, Pa., for appellee.

Before STAPLETON, GREENBERG, and HUNTER, Circuit Judges.

OPINION OF THE COURT

STAPLETON, Circuit Judge.

This appeal presents the narrow question whether in suits brought under § 11 of the Securities Act of 1933, 15 U.S.C. § 77k, the taxable costs specified in 28 U.S.C. § 1920 are to be "allowed as of course to the prevailing party" under Fed.R.Civ.P. 54(d) or whether they can be awarded only upon a finding under § 11(e) of the Securities Act that the losing party's position was wholly without merit. Because we disagree with the district court's conclusion that Congress intended the § 11(e) stan-

dard to control the recovery of taxable costs by a prevailing party in litigation under § 11, we will reverse the order denying the defendants' motions for costs and remand for further proceedings in the district court.

## I.

Plaintiff Milton Friedman brought suit on claims arising under § 11 of the Securities Act on behalf of a class of purchasers of certain publicly-offered corporate debentures. The defendants included a number of underwriters, represented here by Laidlaw Adams & Peck and The Ohio Company, and the accounting firm of Arthur Young & Company. The jury rendered a verdict for the defendants, which Friedman unsuccessfully challenged on appeal to this court. *See Friedman v. Ganassi,* 829 F.2d 31 (3d Cir.1987) (affirming by judgment order). Having prevailed, the defendants moved for an award of taxable costs pursuant to Rule 54(d).[1] The motions were denied. The district court held that § 11(e) controls the awarding of taxable costs in § 11 actions and allows a court to award such costs to a defendant only if the plaintiff's suit is wholly without merit. Since the court viewed the plaintiffs' § 11 claims as "not entirely without merit," 674 F.Supp. 1165, 1166,[2] it concluded that it was without discretion to make the requested award.

Defendants appeal from the order denying costs. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of this issue of law is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–02 (3d Cir.1981).

## II.

Section 11(e) provides in pertinent part:

> In any suit under this or any other section of this subchapter, the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) if the court believes the suit or the defense to have been without merit, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard.

15 U.S.C. § 77k(e).

Fed.R.Civ.P. 54(d) provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

Interpreting the above provisions, the district court took the following view:

> Rule 54 expressly limits itself to those cases in which no federal statute applies. The cost provisions of Section 11 plainly apply to the instant case, so we will not apply the provisions of Rule 54. Any other result would render most of Section 11(e) totally ineffective. Section 11(e) applies to the "costs of such suit, including reasonable attorney's fees." Under an interpretation that Rule 54 and Section 11 are alternatives, Section 11 would always yield to the more lenient standards of Rule 54 with respect to

---

**1.** At that time, the costs sought by the defendants included substantial amounts of expert witness fees. The Supreme Court has since ruled in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* — U.S. ——, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987), that "absent explicit statutory or congressional authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920," which limitations are presently $30 per day. In light of *Crawford*

*Fitting,* the defendants here have withdrawn that part of their request for costs that was attributable to expert witness fees in excess of the statutory limits. The remaining amounts of costs sought are approximately $11,500 by the underwriters and approximately $26,000 by Arthur Young.

**2.** The district court's finding on this point is not challenged by the defendants.

costs. Thus, the main portion of Section 11(e) would be entirely superfluous. Consequently, we now hold that the court should not apply Rule 54(d) of the Federal Rules of Civil Procedure to award costs when the movant does not meet the standards of Section 11(e) of the Securities Act of 1933.

674 F.Supp. at 1167. As the district court found, while the narrow issue presented by this case and resolved by this holding has not yet been explicitly addressed in a reported case, there are numerous cases that have "reach[ed] results which imply the adoption of one position or another." *See, e.g., Aid Auto Stores, Inc. v. Cannon*, 525 F.2d 468, 471 (2d Cir.1975) (affirming judgment of dismissal and award of costs, but reversing award of attorney's fees since suit was not entirely without merit); *Katz v. Amos Treat & Co.*, 411 F.2d 1046, 1056 (2d Cir.1969) (affirming district court's denial of costs under § 11(e) as a reasonable exercise of discretion); *Can–Am Petroleum v. Beck*, 331 F.2d 371, 374 (10th Cir.1964) (affirming judgment for plaintiffs but remanding for further consideration of the award under § 11(e) of costs and attorney's fees); *Homburger v. Venture Minerals, Inc.*, 1985–86 Fed.Sec.L.Rep. (CCH) ¶ 92,205 (S.D.N.Y.1985) [available on WESTLAW, 1985 WL 549] (denying prevailing party's motion for costs on the ground that the suit was not meritless); *Driscoll v. Oppenheimer & Co.*, 500 F.Supp. 174, 175 (N.D.Ill.1980) (referring to § 11(e) as applicable only to shifting of attorney's fees); *McLish v. Harris Farms, Inc.*, 507 F.Supp. 1075, 1088 (E.D.Cal.1980) (holding neither attorney's fees nor costs recoverable because the prevailing defendant had not shown that plaintiff's suit was so meritless as to border on frivolity);

*Electro–Nucleonics, Inc. v. Oppenheimer*, 1975–76 Fed.Sec.L.Rep. (CCH) ¶ 95,269 (S.D.N.Y.1975) (denying attorney's fees as standards of § 11(e) had not been met by movant, but allowing costs under Rule 54(d)). As these cases neither provide an analysis of the issue nor point to any single conclusion, we do not discuss or rely on them here, but like the district court, look to the wording of the provisions at issue and their respective purposes. In our view, the district court's reconciliation of § 11(e) and Rule 54(d) is not dictated by the text of those provisions and ignores the objectives that each is intended to accomplish.

Rule 54(d) provides a standard to be applied by the district courts in awarding what are commonly referred to as taxable costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Those taxable costs are listed in 28 U.S.C. § 1920.[3] They do not include such litigation expenses as attorney's fees and expert witness fees in excess of the standard daily witness fee. *See Crawford Fitting*, 107 S.Ct. at 2499. Rule 54(d) requires that such taxable costs be awarded to the prevailing party unless the court finds and articulates a reason why that party does not deserve such an award. *Samuel v. University of Pittsburgh*, 538 F.2d 991, 999 (3d Cir.1976); *ADM Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 664–65 (3d Cir.1975). As we demonstrate hereafter, this "as of course" standard has never been applied in our jurisprudence to anything other than the narrow category of taxable costs.

The Rule 54(d) standard for allocating taxable costs is expressly subordinated to any statute or other Federal Rule of Civil Procedure that makes "provision" for a

---

**3.** Under 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

different standard for allocating the "costs" to which the Rule pertains, i.e. the taxable costs enumerated in 28 U.S.C. § 1920. Section 1928 of Title 28, for example, provides that when a judgment is rendered for the plaintiff in a patent infringement action and the patentee, in his specifications, claimed to be, but was not, the original inventor, no costs can be included in such judgment unless a proper disclaimer was filed before suit was commenced. By virtue of the initial clause of Rule 54(d), § 1928, rather than the Rule, governs in the described circumstances.[4]

The district court read the initial clause of Rule 54(d) as having broader application than the Rule itself. Because of this reading, it erroneously concluded that § 11(e) was the kind of "express provision" referred to in that clause. Section 11(e) is not such an "express provision" because it does not provide an alternative standard for awarding taxable costs. As is clear from its face, § 11(e) provides a standard to be applied by district courts in determining whether to make an award that is not confined to taxable costs, namely an award of the "costs of [a § 11] suit ... in an amount sufficient to reimburse [the prevailing party] for the reasonable expenses incurred by him, in connection with such suit," specifically "including reasonable attorney's fees."

Some additional context is helpful at this point. English courts have traditionally made awards to the prevailing party for two types of litigation expenses. The first, "costs between party and party," are litigation expenses incurred by order of the court to facilitate consideration of the case. The second, "costs as between solicitor and client," are expenses incurred merely to aid one party in the presentation of his side of the controversy. The latter include attorney's fees and "other expenses entailed by the litigation not included in the ordinary taxable costs recognized by statute." *Sprague v. Ticonic National Bank*, 307

U.S. 161, 164, 59 S.Ct. 777, 779, 83 L.Ed. 1184 (1939).

In 1853, Congress "undertook to standardize the costs allowable in federal litigation" in this country. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 251, 95 S.Ct. 1612, 1618, 44 L.Ed.2d 141 (1975). The "substance [of the 1853 Act], without any apparent intent to change the controlling rules, was ... included in the Revised Code of 1948 as 28 U.S.C. §§ 1920 and 1923(a)." *Id.* at 255, 95 S.Ct. at 1620 (footnote omitted). Section 1920 of the 1948 Code altered the existing law only by giving the court discretion *not to award* the specified items. Before 1948, an award of taxable costs to the prevailing party was mandatory. *See* Reviser's Notes following 28 U.S.C. § 1920 (1948). Section 1920 remains the same today. At no time in the history of the 1853 Act has it authorized or mandated the payment of attorney's fees to the prevailing party, other than the *de minimis* amounts permitted by 28 U.S.C. § 1923(a).

In 1882, Justice Bradley said the following of the 1853 Act:

> The fee-bill is intended to regulate only those fees and costs which are strictly chargeable as between party and party, and not to regulate the fees of counsel and other expenses and charges as between solicitor and client, nor the power of a court of equity, in cases of administration of funds under its control, to make such allowance to the parties out of the fund as justice and equity may require.

*Trustees v. Greenough*, 105 U.S. 527, 535, 26 L.Ed. 1157 (1882). More recently, in *Alyeska Pipeline*, the Supreme Court quoted Justice Bradley's remarks with approval, noting however that a district court's authority to make an award of litigation expenses other than the taxable costs itemized in § 1920 is limited to three carefully cabined classifications of cases, including the "fund cases" referred to by Justice Bradley,[5] and cases in those particular cate-

---

4. Additional examples include 28 U.S.C. § 1925 (costs in admiralty cases); Fed.R.Civ.P. 68 (offer of judgment); Fed.R.Civ.P. 71A (condemnation cases).

5. In addition to the "fund cases," the Court recognized "the historic power of equity" to award expenses beyond taxable costs in cases where there has been willful disobedience of a

gories for which Congress has specifically authorized such awards. 421 U.S. at 257–59 at n. 30, 95 S.Ct. at 1621–22 & n. 30. In accordance with a line of cases going back to 1869, the *Alyeska Pipeline* Court held that district courts since the Act of 1853 had had no general authority to award attorney's fees.

When Congress created § 11 actions in 1933, that section included no provisions for an award to the prevailing party of any kind of litigation expense. Presumably, Congress therefore intended that, pursuant to the then existing law, the prevailing party in a § 11 suit would receive taxable costs as a matter of right but could not receive an award of attorney's fees or other litigation expenses even if the judge believed such an award was in the interest of justice.

It was in this context that Congress adopted a 1934 amendment adding to § 11(e) the language relied upon by the district court in denying the defendants' motions for taxable costs. Congress' concerns were strike suits and sham defenses. As Judge Pollak observed after reviewing the legislative history, the amendment was "clearly directed to deterrence of frivolous suits; to quick resolution of suits to which there are no valid defenses; and to deterrence of bad faith, or meritless defenses to actions brought under the Securities Act of 1933." *LeMaster v. Bull*, 581 F.Supp. 1170, 1173 (E.D.Pa.1984). *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 740–41, 95 S.Ct. 1917, 1927–28, 44 L.Ed.2d 539 (1975) (stating that one reason Congress added cost-recovery provision to § 11(e) was to deter "strike" or nuisance actions); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 211–12 n. 30, 96 S.Ct. 1375, 1389–90, n. 30, 47 L.Ed.2d 668 (1976) (noting that one of the purposes of amending § 11(e) to provide for cost recovery "was to deter actions brought solely for settlement val-

ue"). Congress spoke to these concerns by *conferring new authority* on the district courts—the authority, in their discretion, to require cost bonds for, and make awards for, litigation expenses beyond taxable costs where those expenses are occasioned by a frivolous claim or defense. Nothing in the text of the amendment or its legislative history suggests that Congress also desired to deprive prevailing parties in § 11 actions of their absolute right to taxable costs under the Act of 1853 in cases where their opponents lost but had litigable claims. We see no reason why a provision obviously intended to allow greater-than-usual cost recovery under special circumstances should be interpreted to preclude the usual cost recovery when those special circumstances do not exist.[6]

### III.

Because § 11(e) provides no alternative standard for awarding taxable costs and because defendants seek an award of taxable costs only, the district court's disposition of their motions cannot stand. Accordingly, we will reverse that disposition and remand so that the district court may exercise the discretion conferred by Rule 54(d). Such taxable costs as the court finds to be established by the record will be awarded to the defendants "as of course" unless the district court concludes that such an award would be inequitable.

---

court order and in cases where the losing party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline,* 421 U.S. at 257, 258–59, 95 S.Ct. at 1621, 1622–23.

**6.** This case, as it comes before us, does not present the issue of whether and what litigation

expenses beyond taxable costs and attorney's fees are recoverable under § 11(e) and we express no opinion with respect to that issue. The explicit inclusion in § 11(e) of authority to award attorney's fees is alone sufficient to dictate the above analysis reconciling that section with Rule 54(d).